UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA, LORNE
HOLLAND and MICHELLE TAYLOR,

    Plaintiffs,

v.    Case No: 6:17-cv-1592-Orl-37GJK

DAVITA, INC., TOTAL RENAL
LABORATORIES, INC. and DVA
LABORATORY SERVICES, INC.,

    Defendants.

## ORDER[1]

This case comes before the Court without a hearing on the parties' Joint Motion for Entry of HIPAA Qualified Order (Doc. 72). Plaintiffs allege that Defendants knowingly submitted false claims for reimbursement to Medicare, Medicaid, and other government payors in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (Doc. 57). Now, the parties jointly propose the entry of an order they submit will satisfy the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") to protect confidential health information that is produced and disclosed during the litigation (Doc. 72 at 1). Upon review of the motion and docket the motion is **GRANTED**.

(1) The parties shall produce and obtain Confidential Health Information (as defined below) in accordance with the terms of this Order and any other orders of this Court.

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.

(2) **Confidential Health Information**. "Confidential Health Information," pursuant to 45 C.F.R. § 164.512(e)(1), means and includes "protected health information" and "individually identifiable health information" as such terms are defined in 45 C.F.R. § 160.103 in the General Administrative Requirements promulgated pursuant to HIPAA, as amended. Confidential Health Information includes, but is not limited to, any document or information supplied in any form, or any portion thereof, that identifies an individual in any manner and relates to (a) the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, (b) the provision of health care to such individual, or (c) the past, present, or future payment for the provision of health care to such individual.

Confidential Health Information also includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, requests, and social security numbers or similar information.

Confidential Health Information includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information, but does not include any of the above where such does not include individual identifiers and is fully de-identified in accordance with the HIPAA de-identification standard set forth in 45 C.F.R. § 164.514(a).

Confidential Health Information also includes any materials subject to the provisions of any other applicable federal law, including but not limited to the Privacy Act, 5 U.S.C. § 552a, or the privacy laws of any individual states as applicable.

(2) **Counsel.** "Counsel" means attorneys and firms presently counsel of record in this lawsuit and attorneys employed or otherwise retained by any party who are directing, managing, or assisting the litigation of this lawsuit.

(3) **This Lawsuit.** "This lawsuit" means this case captioned *United States of America, ex rel. Lorne Holland and Michelle Taylor v. DaVita Inc., et al.*, Civil Action File No. 6:17-cv-01592-RBD-GJK, pending in the United States District Court for the Middle District of Florida, and any appeals taken therefrom.

(4) **Designations.** Each party to this litigation that produces or discloses Confidential Health Information shall designate it "CONFIDENTIAL HEALTH INFORMATION."

(5) **Use of Confidential Health Information.** The parties are prohibited from using or disclosing Confidential Health Information obtained pursuant to this Order for any purpose other than this action, unless and until such designation is removed either by agreement of the parties, or by order of the Court. This Order does not limit or control the use of protected health information pertaining to this case that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103. Nothing in this Order authorizes the parties or their attorneys to obtain medical records or other information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

(6) **Permitted Disclosure of Material Designated as "CONFIDENTIAL HEALTH INFORMATION."** All information designated "CONFIDENTIAL HEALTH INFORMATION" may be viewed only by:

a. Counsel for any party to this lawsuit;

b. Counsel's employees assigned to and necessary to assist this lawsuit;

c. Consultants, experts or technical personnel with whom counsel for the parties find it necessary to consult, in the discretion of counsel, in the course of litigating this action. Before disclosing Confidential Health Information to such persons, counsel must inform each such person that the Confidential Health Information may not be used or disclosed for any purpose other than this lawsuit and obtain such person's written acknowledgement of and consent to be bound by this Order. Counsel shall take all other reasonable steps to ensure that persons receiving Confidential Health Information do not use or disclose such information for any purpose other than this lawsuit;

d. The Court and any Court staff and administrative personnel;

e. Any court reporter employed in this litigation and acting in that capacity;

f. Copy services and personnel for other litigation support services employed by counsel;

g. Any current employee of the designating party; and

h. The author or recipient of a document containing the Confidential Health Information, or a custodian or other person who otherwise possessed or knew the Confidential Health Information.

**DONE** and **ORDERED** in Orlando, Florida on February 20, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties